IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
DIVISION

| | |
|---|---|
| Paul B. Goist, <br><br> Petitioner, <br><br> v. <br><br> Bryan Antonelli, *Warden, FCI Williamsburg*, <br><br> Respondent. | Civil Action No. 9:17-3289-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending the petition for habeas relief under 28 U.S.C. § 2241 be dismissed. For the reasons set forth below, the Court adopts the Report and Recommendation and dismisses the petition.

I. **Background**

Petitioner was sentenced to twenty years imprisonment for bank robbery on October 18, 2001 in the Northern District of Ohio. With good conduct time credit, his projected release date is August 4, 2018. He is currently incarcerated in South Carolina. Petitioner was initially recommended for an eight-month Residential Re-enter Center ("RRC") placement in northeast Ohio to begin December 26, 2017. That placement date was subsequently reduced to a two-month placement to begin June 1, 2018 because of limited bed space in RRCs in northeast Ohio.

On December 4, 2017, Petitioner filed the present petition for habeas relief under § 2241, arguing the reduction in his scheduled RRC placement violated 18 U.S.C. §§ 3621 and 3624. Petitioner asks the Court to order that he be placed in an RRC. Respondent moves to dismiss or alternately for summary judgment, arguing Petitioner has not exhausted administrative remedies and that he is not entitled to an RRC placement of any particular length or even one at all. On

March 14, 2018, the Magistrate Judge recommended the petition be dismissed. Petitioner has filed no objections to the recommendation of the Magistrate Judge.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III. Discussion

### A. Exhaustion

The Bureau of Prisons ("BOP") has a three-tiered grievance process. A written complaint is first filed with the warden. The prisoner may appeal the warden's decision to the regional director, and he may appeal the regional director's decision to the general counsel. The general counsel has forty days to respond to the appeal. A prisoner exhausts his administrative remedies only when notified of the general counsel's response or when the forty-day period for a response lapses. *See* 28 C.F.R. § 542.18.

In this case, Petitioner filed his final administrative appeal with the general counsel on December 4, 2017, and on the same day filed this habeas action. A prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Petitioner indeed does not argue that he exhausted administrative remedies. Instead, he appears to believe that he need not exhaust administrative remedies because the final administrative appeal might not have been ruled upon before his originally scheduled December 26, 2017 RRC placement. Failure to exhaust is excused only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). That the administrative appeal could at most extend two weeks beyond December 26, 2017 is in no sense an extraordinary circumstance. This is especially true given that Petitioner has no right to RRC placement on any particular date (or at all). The Court therefore adopts the Magistrate Judge's recommendation that the petition be dismissed for failure to exhaust administrative remedies.

**B.     Merits**

Even if he had exhausted administrative remedies, Petitioner's petition fails to state any cognizable claim for habeas relief. Petitioner has no right to RRC placement. It is within the sole discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long. BOP must consider five statutory factors when exercising that discretion, see XXX § 3621(b), but the record shows BOP did in fact consider those factors and, regardless, there is no claim that BOP did not. Moreover, the RRC placement decisions by the BOP made under § 3621(b) are not subject to judicial review. *See Palmer v. Batts*, C/A No. 1:11-0566, 2014 WL 3045177 (S.D.W. Va. 2014); *Garrison v. Stansberry*, C/A No. 2:08cv522, 2009 WL 1160115, *4 (E.D. Va. 2009); *Fullenwiley v. Wiley*, No. 98-169, 1999 WL 33504428 (N.D.N.Y Oct. 5, 1999); *see also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005) (stating "that the BOP may assign a prisoner to a CCC does not mean that it must"). The Court therefore adopts the Magistrate Judge's

recommendation that the petition be dismissed for failure to state a cognizable claim for habeas relief.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 17) as the Order of the Court and **DISMISSES** the petition for habeas relief.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 6, 2018
Charleston, South Carolina